# United States Bankruptcy Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| **In re: RYAN COLE and SARAH COLE,** | Case No. 24-40647 |
| Debtors. | Chapter 7 |
| **WAZU CAPITAL PARTNERS, INC.** <br> **MT MEDICAL PROPERTIES, LLC** | |
| Plaintiffs, | Adv. No. 24-04052 |
| v. | |
| **RYAN COLE,** | |
| Defendant | |

## DEFENDANT'S AMENDED MOTION TO COMPEL PLAINTIFFS TO PRODUCE COMPLETE DISCOVERY RESPONSES AND BRIEF IN SUPPORT

**14-DAY NEGATIVE NOTICE – LBR 7007:**

**No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Defendant, Ryan Cole ("Defendant"), and files this Motion to Compel Discovery Responses from Plaintiffs, Wazu Capital Partners, Inc. and MT Medical Properties, LLC (collectively, "Plaintiffs"), pursuant to Federal Rules of Civil Procedure 26, 34, and 37, made applicable by Bankruptcy Rules 7026, 7034, and 7037. In support, Defendant respectfully shows the Court as follows:

**INTRODUCTION**

Wazu Capital Partners is an investment group that claims to invest in land acquisitions, single-family and multifamily developments, townhomes, hospitality facilities, senior living facilities, and retail spaces. Wazu invested in two projects: CottonWeave Estates (an apartment complex under construction) and Platinum Medical Management (a medical management company). Wazu's petition alleges fraudulent misrepresentations concerning Defendant's financial condition, PMM's assets, and certain projections made by Defendant. Defendant served discovery requests on March 11, 2025, aimed at identifying the factual bases of these allegations. Plaintiffs' responses, served April 10, 2025, were deficient and incomplete, prompting this motion.

**BACKGROUND**

On March 11, 2025, Defendant served Plaintiffs with his First Set of Requests for Production, Interrogatories, and Requests for Admission. Plaintiffs provided written responses on April 10, 2025, and a Dropbox production on April 29, 2025, consisting of six generically labeled folders, and numerous subfolders, sometimes several layers deep. Plaintiffs failed to indicate which documents are responsive to which requests, included irrelevant and duplicate documents, and improperly withheld documents without providing a privilege log. Defendant attempted to resolve these issues informally but has not received adequate supplementation.

**ARGUMENTS AND AUTHORITIES**

The purpose of discovery is to seek the truth so that disputes may be decided based on facts rather than concealment. Federal Rule 26(b)(1) permits discovery regarding any nonprivileged matter relevant to any party's claim or defense. Rule 34(b)(2)(E)(i) requires that a responding party either produce documents as they are kept in the usual course of business or organize and label them to correspond to the requests. Plaintiffs' responses violate these obligations.

<u>A. Failure to Label or Organize Documents (Rule 34(b)(2)(E)(i))</u>

Plaintiffs' 'document dump' of six folders with no labeling or identification of which documents are responsive prevents Defendant from determining compliance. This practice is disallowed under Rule 34. A party must produce documents and organize and lable them to correspond to the categories in the request. Rule 34(b)(2)(E)(i).

### B. Boilerplate Responses Without Identifying What Was Produced (Rule 34(b)(2)(B))

Plaintiffs' responses include vague statements that documents 'will be produced,' without clarifying whether responsive documents have been fully produced or withheld.

### C. Improper Invocation of Privilege Without a Log (Rule 26(b)(5))

Plaintiffs asserted privilege, particularly for RFPs 11 and 12 (communications with Crystal Friddle), without providing a privilege log. Communications with third parties are not privileged by default, and Plaintiffs must produce a privilege log to substantiate any claim of privilege.

### D. Failure to Produce Responsive Documents

Plaintiffs have not provided documents for numerous RFPs, including but not limited to Nos. 1–2, 4, 6–10, 14, 16–20, 24, 27–35, and Interrogatories 3, 5, and 9. Over 40 discovery requests remain unanswered or inadequately answered.

**REQUESTED RELIEF**

Defendant respectfully requests that the Court order Plaintiffs to:

1. Reproduce all documents labeled or grouped by the RFPs to which they are responsive;
2. Identify which documents have been produced in response to each RFP;
3. Identify whether any documents are being withheld for each RFP and the basis for withholding;
4. Produce a privilege log that complies with Rule 26(b)(5);
5. Supplement their production with documents responsive to Production Nos. 1–2 (as related to admission denials 8, 9, 14, 22–23, 26–28, 30–33, 37–39, 42, 44–45, and 52), 4, 6–10, 14, 16–20, 24, 27–35, and Interrogatories 3, 5, and 9, or certify under oath that no such documents exist;
6. Deny any request by Plaintiffs to extend discovery deadlines based on these deficiencies.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court grant this Motion to Compel and order the relief outlined above.

Respectfully submitted:

By: __/s/ Clayton L. Everett___
    Clayton L. Everett
State Bar No. 24065212
clayton@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
Telephone: (817) 704-3984
Counsel for Defendant

## CERTIFICATE OF CONFERENCE

Pursuant to Rule 37(a)(1) and Local Rule 7007, I certify that on July 24, 2025, at approximately noon, I emailed opposing counsel, Ryan Lurich, outlining the deficiencies and the relief requested in this motion. We have also attempted to confer by telephone but have not been successful. We will continue to confer in good faith to resolve these issues without the need for a hearing if possible.

/s/ Clayton L. Everett

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, a true and correct copy of the foregoing motion was served via the Court's ECF system to all counsel of record.

/s/ Clayton L. Everett