# United States Bankruptcy Court
Eastern District of Texas
Sherman Division

| | |
|---|---|
| **In re: RYAN COLE and SARAH COLE,** | **Case No. 24-40647** |
| **Debtors.** | **Chapter 7** |
| **WAZU CAPITAL PARTNERS, INC. MT MEDICAL PROPERTIES, LLC** **Plaintiffs,** **v.** **RYAN COLE,** **Defendant** | **Adv. No. 24-04052** |

### ORDER GRANTING DEFENDANT RYAN COLE'S TRADITIONAL AND NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT

On this day came on for consideration **Defendant Ryan Cole's Traditional and No-Evidence Motion for Summary Judgment** (the "Motion") filed by Defendant Ryan Cole ("Defendant" or "Cole"). The Court, having considered the Motion, any response and reply, the summary-judgment record, the arguments of counsel, and applicable law, finds that the Motion should be **GRANTED.**

### FINDINGS AND CONCLUSIONS

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

2.      Summary judgment is governed by Federal Rule of Civil Procedure 56, made applicable by Federal Rule of Bankruptcy Procedure 7056.

3.      The Court finds that there is no genuine dispute as to any material fact and that Defendant Ryan Cole is entitled to judgment as a matter of law on all claims asserted by Plaintiffs WaZu Capital Partners, Inc. and MT Medical Properties, LLC (collectively, "Plaintiffs").

### § 523(a)(2)(A)

4.      Plaintiffs have failed to produce admissible evidence sufficient to establish the essential elements required for nondischargeability under 11 U.S.C. § 523(a)(2)(A), including a false representation, knowledge of falsity, intent to deceive, justifiable reliance, and proximate causation.

5.      The summary-judgment record demonstrates that Plaintiffs were sophisticated investors represented by counsel, had access to information, conducted due diligence, and knowingly entered speculative transactions carrying significant risk.

6.      No reasonable factfinder could conclude on this record that Defendant obtained money or property from Plaintiffs by false pretenses, a false representation, or actual fraud within the meaning of § 523(a)(2)(A).

### § 523(a)(2)(B)

7.      Plaintiffs have likewise failed to produce evidence sufficient to establish the elements of nondischargeability under 11 U.S.C. § 523(a)(2)(B).

8.      Plaintiffs have not shown that Defendant used a materially false written statement respecting his financial condition made with intent to deceive on which Plaintiffs reasonably relied.

9.     The undisputed evidence shows that Plaintiffs had access to supporting documentation, independent means of verification, and professional advisors, and therefore cannot establish reasonable reliance as a matter of law.

### § 523(a)(6)

10.     Plaintiffs have also failed to establish a willful and malicious injury under 11 U.S.C. § 523(a)(6).

11.     The record contains no evidence that Defendant intended to cause injury to Plaintiffs or acted with substantial certainty that injury would occur.

12.     At most, the evidence reflects losses arising from a failed business venture, which is insufficient to support nondischargeability under § 523(a)(6).

### DISPOSITION

**IT IS THEREFORE ORDERED that:**

13.     Defendant Ryan Cole's Traditional and No-Evidence Motion for Summary Judgment is GRANTED.

14.     All claims asserted by Plaintiffs WaZu Capital Partners, Inc. and MT Medical Properties, LLC against Defendant Ryan Cole in this adversary proceeding are DISMISSED WITH PREJUDICE.

15.     Any debts allegedly owed by Defendant Ryan Cole to Plaintiffs that are the subject of this adversary proceeding are DISCHARGEABLE under the Bankruptcy Code.

16.     This Order disposes of all claims and issues in this adversary proceeding as to Defendant Ryan Cole.

17.     All relief not expressly granted is denied.

18.     The Clerk shall enter judgment consistent with this Order.

SIGNED this _____ day of _____, 2026.